UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LISA ANN WILSON,

                Petitioner,

v.                                                      Case No. 5:06-cv-93-Oc-10GRJ

SECRETARY, DEPT. OF CORRECTIONS,

                Respondent.
_____

## ORDER DENYING THE PETITION

Petitioner initiated this case by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The Petition stems from Petitioner's 2003 Citrus County *nolo contendre* plea to 58 offenses, including 29 counts of residential burglary, one count of residential burglary while armed, 14 counts of grand theft, 12 counts of petit theft, and two controlled-substance offenses. Petitioner was adjudicated guilty on all 58 counts, and received a sentence of 22 years' imprisonment for the armed burglary offense and consecutive sentences of probation on the other felony counts. See App. tab B. The Respondent has filed a Response to the Petition (Doc. 11), and Petitioner has replied to the Response (Doc. 15). Upon due consideration of the Petition, the Response, the state-court record contained in Respondent's Appendix, and Petitioner's reply, the Court concludes that the Petition must be denied.[1]

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

## Background

Petitioner was represented by appointed counsel in the trial court. At the change-of-plea hearing on August 22, 2003, Petitioner's counsel, Mr. Militello, and the prosecutor, Mr. Buxman, addressed the trial court's denial of Petitioner's motion to suppress, in which Petitioner had argued that she was interrogated and police obtained her confession in violation of her Fifth Amendment rights. See App. tab B. at 13-17. Although the proposed plea agreement preserved Petitioner's right to appeal the denial of the motion to suppress, the parties discussed at the hearing whether the outcome of the motion to suppress was dispositive as to some or all of the charges against Petitioner because there was evidence apart from her confession, including stolen property and co-defendant testimony, from which Petitioner's guilt could be proved. Id. Mr. Militello stated "[What I've informed my client is there's no reason to think if the Appellant [sic] Court reversed this, that the State could not proceed on all the counts and try to use some sort of co-defendant testimony or something like that." Id. at 15-16. Petitioner agreed that she nevertheless wanted to proceed with her plea. Id. at 17.

Following sentencing, Petitioner filed an appeal on the sole ground that the trial court erred in denying her motion to suppress her confession, which she contended was dispositive of the charges against her. App. tab D. The Fifth District Court of Appeal dismissed the appeal for lack of jurisdiction. Id. The court determined that:

> Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i) states that a defendant "may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved." An order denying a motion to suppress a confession is not dispositive for purposes of this rule unless the parties so stipulate. <u>Brown v. State</u>, 376 So. 2d 382 (Fla. 1979); <u>Dabiasio v. State</u>, 789 So. 2d 1061 (Fla. 4th DCA 2001). The prosecutor never signed the plea form, nor did he ever stipulate that the order was dispositive. Just the opposite. When the judge asked the prosecutor to stipulate, he would not do so. The conversation that ensued demonstrates that the prosecutor, judge, and even the defense attorney all concluded that the order was not dispositive. Therefore, we lack jurisdiction to address the merits of Wilson's appeal.

App. tab D. at 52-53.

Petitioner subsequently filed a postconviction motion pursuant to Fla. R. Crim. P. 3.850. App. tab E. Petitioner again argued that the trial court erred in denying her motion to suppress. In addition, Petitioner argued that her trial counsel rendered ineffective assistance by failing to object to an asserted Double Jeopardy violation because she was convicted of two grand thefts stemming from the same burglary, and by failing to pursue an insanity defense. Petitioner argued conclusionally that her plea was involuntary. <u>Id</u>. The trial court denied the motion on the merits. <u>Id</u>. at 15-19. Petitioner also filed a habeas corpus petition alleging that her appellate counsel was ineffective for failing to raise the Double Jeopardy issue on appeal. The Fifth District Court of Appeal summarily denied the Petition. App. tab F.

Petitioner filed the instant habeas petition reasserting her claim that her confession was obtained in violation of her Fifth Amendment rights, and therefore the trial court erred in denying her motion to suppress. Doc. 1, Claims 1 and 2. Petitioner also contends that she was denied the effective assistance of counsel because counsel failed to object to the alleged Double Jeopardy violation. Doc. 1, Claim 3. The Respondent concedes that the Petition is timely and that Petitioner's claims were exhausted in the state court. Respondent contends that Petitioner procedurally defaulted her claims concerning the trial court's denial of her motion to suppress by failing to properly preserve the claim for appellate review, and that she is not entitled to relief on the merits of her Double Jeopardy claim. Doc. 11.

## **Threshold Considerations and Standard of Review**

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[2] This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in

---

[2] Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

federal court absent a showing of cause for and actual prejudice from the default."[3] Petitioners' pro se status does not alone amount to good cause.[4]

Even if a claim has been properly preserved for federal review, pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[5] Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[6] The "contrary to" and "unreasonable application" clauses provide separate bases for review.[7]

Further, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[8] The AEDPA also directs that the factual findings of the state court are

---

[3] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

[4] See Harmon v. Barton, 894 F.2d 1268, 1275 (11th Cir. 1990).

[5] See Williams v. Taylor, 529 U.S. 362, 403-404 (2000).

[6] See 28 U.S.C. § 2254(d)(1).

[7] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[8] See also Van Poyck v. Florida Dept. Of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam) ("[u]nless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness").

afforded a presumption of correctness that can only be rebutted by clear and convincing evidence.[9] This presumption of correctness applies to factual determinations made by both the state trial and appellate courts.[10]

### Petitioner's Constitutional Claims

By entering a voluntary plea, a defendant waives several rights, including the right to a jury trial, to the assistance of counsel, to raise a defense, and to confront his accusers. Boykin v. Alabama, 395 U.S. 563, 573 (1989). Further, a voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992). A plea of nolo contendre is recognized as the equivalent of a guilty plea in Florida. See Fla. R. App. P. 9.140(b)(2).

Review of a guilty-plea conviction based on alleged infirmities in pretrial proceedings can, however, be entertained when state law permits a defendant to appeal the results of such pretrial proceedings. Lefkowitz v. Newsome, 420 U.S. 283, 289 (1975). Thus, Petitioner's guilty plea alone did not waive her right to further review of her Fifth Amendment claim because Florida law provides for such review when a defendant has pled *nolo contendre* and the pretrial issue for which review is sought is "dispositive." Brown, 376 So.2d at 385.

---

[9] See 28 U.S.C. § 2254(e)(1).

[10] Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

6

In the context of a motion to suppress a confession, the Florida Supreme Court has held that "as a matter of law a confession may not be considered dispositive of the case," for purposes of a *nolo* plea. Id. The ruling stemmed from the Court's concern that "[i]n order to determine accurately whether a confession is dispositive of a case, the prosecution would have to present to the trial judge all of the evidence it intended to introduce at trial. The judge would then have to decide, on the basis of hearsay and summarized information, whether there was sufficient evidence apart from the confession to support a conviction. Such a procedure would be unwieldy and time-consuming." Id. The Court concluded that "[u]nder this rule, the trial judge will have wide discretion to accept or reject an Ashby *nolo* plea based upon his perception of the dispositive nature *vel non* of the legal issue reserved for appeal." Id. Subsequent Florida courts "recognized that where the parties stipulate to the dispositive nature of an order denying suppression of a confession, an appeal after a no contest plea would not violate the principles enunciated in Brown." Dibiasio, 789 So.2d at 1063.

Applying this standard, the appellate court in Petitioner's case determined that there was no stipulation as to the dispositive nature of the trial court's order denying suppression of Petitioner's confession, and that in fact the record reflected that the trial court and the parties agreed that the confession was not dispositive because other evidence of Petitioner's guilt could be presented for trial. See App. tab D. at 52-53. This Court's review of the record supports that determination, and Petitioner

has pointed to nothing in the record that suggests that the state court's determination is erroneous. Accordingly, the Court concludes that Petitioner has not satisfied the state requirements necessary to gain federal review of her otherwise waived Fifth Amendment claim. See Lefkowitz, 420 U.S. at 289, Upshaw, 70 F.3d at 578-79.

As to Petitioner's ineffective-assistance claim, in order to demonstrate that counsel rendered ineffective assistance Petitioner must show that (1) counsel's performance was deficient and "fell below an objective standard of reasonableness," and (2) that the deficient performance prejudiced the defense.[11] In the guilty plea context, to show prejudice Petitioner must show that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial."[12]

Petitioner's guilty plea waived any claim that counsel rendered ineffective assistance with regard to an alleged Double Jeopardy violation occurring prior to her plea. Moreover, Petitioner has made no showing that counsel's asserted failure to challenge two of the 58 charges on Double Jeopardy grounds played any role whatsoever in her decision to plead guilty. Accordingly, Petitioner has not shown that she is entitled to federal habeas relief on this claim.

---

[11] Strickland v. Washington, 466 U.S. 668 (1984).

[12] Hill v. Lockhart, 474 U.S. 52, 59 (1985).

## **Conclusion**

For the foregoing reasons, the Petition is **DENIED**, and this case is dismissed with prejudice. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 29th day of July 2009.

_____
UNITED STATES DISTRICT JUDGE

c: Lisa Ann Wilson
    Counsel of Record